ORIGINAL

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV - 7 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | SA CR 07 - 00242 |
|---|---|---|
| Plaintiff, | ) | I N F O R M A T I O N |
| v. | ) | [18 U.S.C. § 1341: Mail Fraud] |
| LEO J. NAJERA, | ) | |
| Defendant. | ) | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1341]

I.  INTRODUCTION

At all times relevant to this Information:

1.  Defendant LEO J. NAJERA ("defendant") worked with a company called Capitalwerks, also known as Preferred Lease, located in Orange County, California. Capitalwerks would market equipment leases to small businesses.

JLW:jlw



2. Defendant managed SAGE, a purported equipment vendor, located in the Central District of California.

## II. THE FRAUDULENT SCHEME

3. Beginning in or around October 2004 and continuing through in or around May 2006, in Orange County, within the Central District of California, and elsewhere, defendant and others, knowingly and with the intent to defraud, devised, executed, and participated in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and the non-disclosure and concealment of material facts, in connection with a fraudulent equipment lease scheme.

4. The fraudulent equipment lease scheme was designed to operate and did operate, as follows:

(a) Capitalwerks located small businesses in Orange County, California, and elsewhere, that required an infusion of cash to cover their operating expenses, such as rent payments and payroll. Capitalwerks would send blast-faxes or use other marketing techniques to advertise money loans and working capital to small businesses.

(b) Capitalwerks would communicate with customers who responded to the ads, and reiterate that Capitalwerks could obtain money loans for them. Capitalwerks would inform the customers that they would get the money, but would also have to accept some equipment that the customer was free to do with it what they wished.

      (c)  Once the small businesses agreed to Capitalwerks assistance, the transaction would be given to defendant.

      (d)  Defendant used false statements and promises to induce lenders to provide equipment leases to the small businesses.  More precisely, at the direction of defendant, Sage would create false and misleading invoices to submit to lending institutions to make it appear as though the lessees were receiving computer equipment worth a substantial amount of money.  These invoices were designed to trick the lending institutions into paying for non-existent and over-valued equipment.  Sage would, in turn, provide the lessees nothing or computers that were worth substantially less than what was represented to the lending institution.

      (e)  Before funding the equipment lease, the lenders contacted the small businesses to confirm that the small businesses, in fact, had purchased, installed, and were using the equipment obtained from Sage.  Defendant and other employees at Capitalwerks coached the small businesses to provide false information to the lenders in response to these questions.

      (f)  Based upon false information, the lenders approved the applications and forwarded money to Sage for the purported equipment purchases.

      (g)  Rather than using the lease proceeds to purchase equipment as promised, defendant took the money received from the lending institutions, kept a portion for himself, caused a portion of the money to be paid to the lessee as a cash loan, and caused a portion of the money to be paid to Capitalwerks.

5. In order to execute the scheme, defendant made and caused to be made false statements and false promises to prospective borrowers and lenders, including, without limitation, the following:

   (a) Defendant assisted small businesses obtain bona fide cash loans;

   (b) Sage was a bona fide equipment vendor that sold office equipment to businesses and individuals;

   (c) Defendant and Sage worked with small businesses who wished to obtain financing from lenders for the purchase of equipment;

   (d) Defendant and Sage would provide true and accurate sales invoices to the lenders;

   (e) Defendant and Sage would instruct the small businesses to provide true and correct information to lenders concerning the purchase, installation, and use of the computer equipment allegedly purchased from Sage; and

   (f) Defendant and Sage would cause the lenders' funds to be used exclusively for the purchase of the equipment specified in the sales invoices.

6. At the time defendant made the false statements and false promises, and caused them to be made, he knew that such statements and promises were false, in that:

   (a) Defendant was obtaining fraudulent equipment leases, not bona fide cash loans, for small businesses;

4

1   (b)   Sage was in the business of fraudulently depriving lenders of their money, not selling office equipment to businesses and individuals;

(c)   Defendant worked with small businesses that wished to obtain cash loans from lenders, not financing for the purchase of equipment;

(d)   Sage submitted false invoices to the lenders detailing purported equipment sales that never occurred;

(e)   Defendant or others at his direction coached the small businesses to falsely verify to the lenders that the businesses had purchased, installed, and were using equipment allegedly acquired Sage; and

(f)   Defendant and Sage used the lease proceeds to improperly make cash loans to the small businesses and for their own personal benefit.

7.   By devising, executing, and participating in the finance lease scheme, defendant caused lenders to lose thousands of dollars.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III. THE MAILING

8. On or about the date listed below, in the Central District of California, and elsewhere, defendant, for the purpose of carrying out the above-described scheme to defraud, caused the item described below to be deposited with, and delivered by, the United States Postal Service as well as private and commercial interstate carriers:

| COUNT | DATE | MAIL MATTER |
|---|---|---|
| 1 | 1/19/05 | An Equipment Lease Agreement was sent by Federal Express or another courier to CitiCapital, 1255 Wrights Lane, Westchester, PA, 19380, from Sage Network Services, 5000 Birch Street, Newport Beach, California |

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

*/s/ Robb C. Adkins*

ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Branch Office